J. E. MARTIN v. JESSE E. ROYER AND LOVINA ROYER.

Opinion filed March 18, 1910.

**Landlord and Tenant — Cropping Contract — Rights of Purchaser of Property.**

Under a contract whereby the owner of land agreed to let the same to another to be farmed on shares pursuant to a written contract, the lessee or cropper went into possession of the land for cropping purposes. Thereafter, and before any rights under the contract had accrued to the owner of the land, he conveyed the same to the defendant without any reservation as to matters connected with the contract. There were 235 acres plowed on the land when the contract was entered into. In the contract it was agreed that the same number of acres should be plowed after the crop was removed, or, if the owner did not desire to have the plowing done, the cropper should pay him $1.25 per acre from his proceeds of the crop in lieu of such plowing. The cropper or tenant did not plow the land. The owner of the land brought an action against him for a recovery of the money to be paid in lieu of the plowing, and recovered judgment and the cropper paid the same to the owner of the land, the plaintiff in this suit. The defendant pleads, as a counterclaim to the amount due on a mortgage given to the plaintiff for the purchase price of the land, the amount paid to plaintiff, which he claims should have been paid to him. *Held,* (1) That the collection of the money was wrongful on the plaintiff's part. (2) That the defendant is entitled to recover it as money had and received, which in equity and good conscience should not be retained; and also under section 4802, Rev. Codes 1905. (3) That defendant is entitled to recover same in this action notwithstanding there was no express promise to pay the same by the plaintiff. (4) That the money to be paid if the plowing was not done was compensation for the use of land or rent, and passed to the defendant as an incident to the deed, although the technical relation of landlord and tenant may not have existed between the parties to the contract. (5) Whether the contract was a lease or a cropping contract, not decided.

Appeal from District Court, Foster county; *Burke,* J.

Action by J. E. Martin against Jesse E. Royer and another. From a judgment granting inadequate relief, plaintiff appeals.

Affirmed.

*C. B. Craven,* for appellant.

There is a distinction between cropper and tenant. 8 Am. & Eng. Enc. Law, 324, and cases cited; Lewis v. Owans, 124 Ga. 228, 52 S. E. 333; Garrick v. Jones, 2d Ga. App. 382, 58 S. E. 543; Bourland v. McKnight, 79 Ark. 427, 96 S. W. 179; Goodson v. Watson, 54 S. E. 84; Moore v. Linn, 91 Pac. 910; Loveless v. Gil-

lian, 70 S. C. 391, 50 S. E. 9; Morgan v. Rummerfield, 117 Wis. 620, 98 Am. St. Rep. 951; 12 Cyc. 979, and cases cited under note 17; 12 Cyc. 980, and cases cited under note 20; Whithed v. St. Anthony & D. El. Co. et al., 83 N. W. 238.

Transfer of lease does not carry right to accrued rent. 24 Cyc. 1173, 1175; Tremont and W. Hotel Co. v. Gammon, 91 S. W. 337; Kingsley v. Sauer, 4 N. Y. App. Div. 507; Cobb v. Johnson, 126 Ala. 618; 24 Cyc. 928; Payton v. Kennedy, 70 Miss. 865; Miners Bank v. Heilner, 47 Penn. St. 452; Miller v. Winchell, 70 N. Y. 437.

Where a debt is claimed by two persons not in privity with each other, and the debtor pays to one, while the other is entitled to it, the latter cannot recover of the former. Hathaway v. Town of Cincinnatus, 2 N. Y. 444; Butterworth v. Gould, 41 N. Y. 450; Patrick v. Metcalf, 37 N. Y. 332; Corey v. Webber et al., 55 N. W. 982.

*T. F. McCue,* for respondents.

Unaccrued rent passes with sale of rented premises unless specifically reserved. Whithed v. St. Anthony & Dak. El. Co., 9 N. D. 224, 83 N. W. 238.

Royer can recover from Martin, who converted the amount due for plowing. Cutler v. Fanning, 2 Iowa, 580; Allison & Crane v. King, 25 Iowa 56; 2 Enc. of Law, 1079; Olston v. Gillespie, 78 Ga. 665; Chamberlin v. Gilman, 14 Pac. 107; Brand v. Williams, 13 N. W. 42.

Where a party who retains money to which he is not entitled, the law creates a promise to pay. Abel v. Love, 17 Cal. 234; People v. Houghtaling, 7 Cal. 348.

MORGAN, C. J. This is an action to foreclose a real estate mortgage. In April, 1903, the plaintiff was the owner of the land described in the complaint, and entered into a contract in writing with one Southerland, under which the land was to be farmed during the season of 1903. After the execution and delivery of the contract for the farming of said land, the plaintiff conveyed it to the defendant, and, to secure payment of a part of the purchase price, he executed a mortgage upon the land to the plaintiff, and this action is brought to foreclose the mortgage given to secure the note representing the balance due upon the purchase price of the land.

There is no dispute or controversy between the parties as to the amount due upon the mortgage. The controversy relates to a question as to the construction of the contract between the plaintiff and Southerland for the farming of the land during the farming season of 1903, and whether certain money due thereunder belongs to the plaintiff or to the defendant. The contract was what is commonly denominated a "cropping contract." It provided that the party of the first part (Southerland) was to well and faithfully till and farm the land during that season, according to the usual course of husbandry, and sow or plant it as the second party should direct, and was to furnish all the machinery and hired help used in the cultivation of the same. The owner of the land agreed to furnish all the seed and to pay one-half of the threshing bill. There were other stipulations in the contract covering the shipment of the grain raised and the title thereto until division, and as to other matters which we deem it unnecessary to set forth here. The contract also contained the following stipulation: "It is expressly agreed and understood that there is now plowed and ready for crop 235 acres, which the party of the first part agrees to plow an equal number of acres as soon as the crop is removed in the fall, and if the party of the second part desired it to be plowed, if not plowed, said first party shall pay said second party $1.25 per acre from the proceeds of the crop aforementioned, for the 235 acres now plowed."

It is in reference to the latter clause of the contract that there is any dispute or issue raised in this suit. Southerland did not plow back the 235 acres referred to in the contract. The plaintiff brought an action against him to recover the stipulated sum to be paid if such plowing was not done, and recovered judgment in said action. Southerland paid the amount of said judgment to the plaintiff. It is the contention of the defendant that the collection of said money was wrongful, and that the same should have been paid to him by Southerland. It is the contention of the plaintiff that he was entitled to the money under said contract. The sole question, therefore, for our consideration, is whether the counterclaim, amounting to $293.25 was correctly allowed by the trial court. The trial court found as a fact that it was agreed when the deed was given that Royer, the grantee therein, would be subrogated to the rights of Martin in respect to everything under the lease or contract for the cropping of the land in question. It is,

however, claimed by the appellant that this finding is not sustained by competent .evidence. In our opinion this fact becomes immaterial so far as evidence extrinsic of the deed is concerned. It is undisputed that the deed conveyed all of Martin's title to and ownership in the land to the defendant. It is also conceded that the deed contained no reservation whatever, and that plaintiff had expressed no option that the money be paid in place of plowing the land when the deed was delivered. There is no claim that this money had been paid before the deed was delivered, and no question raised as to the proceeds of the crop not being sufficient. From these facts, we think it followed, as a conclusion of law, that the right to this money was assigned to the defendant and passed to him by virtue of the deed. This is not denied, so far as Martin's share of the crop is concerned. The contention of the defendant is that so far as to the money to be paid if the plowing was not done, a different rule prevails. He claims that this money was personal property, entirely disconnected from the land or contract for cropping or working on shares, and that the same was not assigned by the deed.

Whether the contract is technically a lease or a contract of employment, or one of adventure, we need not determine on this appeal. The result will be the same whatever that contract may technically be as a matter of law as to its general features. It is certain that the money due on the failure to do the plowing represented the compensation for the use of the plowed land for crop purposes. Rent is compensation for the use of land. It is immaterial whether it is to be paid in money or services. Whithed v. St. Anthony Ele. Co., 9 N. D. 224, 83 N. W. 238, 50 L. R. A. 254, 81 Am. St. Rep. 562; Wegner v. Lubenow, 12 N. D. 95, 95 N. W. 442. The plaintiff engaged with Southerland to have the land cropped during the year 1903, and for the use of the land was to receive a share of the crop. Some of the land was already plowed when the contract was made, and for the use of the plowed land Southerland bound himself to plow the same number of acres for the next year, or, at plaintiff's option, pay $1.25 per acre in money. The plowing, or a fixed sum in lieu thereof, was compensation for the use of the land, and went· with the land unless specially reserved or excepted. Whatever Southerland was—that is, whether a tenant, cropper, or employe—in a strict technical sense, it seems clear that he was to do the plowing as compensa-

tion for the use of the plowed land, and it also seems clear that the right to it was assigned to the defendant by the deed to the same effect as though the technical relations of landlord and tenant had existed between the plaintiff and Southerland. This was rent, whether the technical relation of landlord and tenant existed under the contract by virtue of its other terms or not, and it passed to the defendant with the title to the land. In legal effect, this money was rent under the definition given. It belonged to the defendant and passed to him by virtue of the deed just as the crop did.

So far as this promise to plow is concerned, it was like a covenant to pay rent in a lease, and went with the land. In such a lease this court has held that a covenant to leave land in like condition is a covenant in favor of the owner of the land, and passes with the title (Nor. Pac. Ry. Co. v. McClure, 9 N. D. 73, 81 N. W. 52, 47 L. R. A. 149), although that case pertained to a lease in its legal signification. What is there said, however, concerning rent, applies with great force to the question under consideration here.

That the right to the rent which is to accrue passes to the grantee of the land as an incident of the deed is sustained by the following authorities, and many others: 24 Cyc. p. 1172, and cases cited; Allan v. Hall, 66 Neb. 84, 92 N. W. 171; West Shore Mills Co. v. Edwards, 24 Or. 475, 33 Pac. 987; Pelton v. Place et al., 71 Vt. 430, 46 Atl. 63. Our conclusion upon this point is that the plaintiff wrongfully accepted this money, and that he should restore it to the defendant.

It is however, contended that the defendant has no right of recovery for this money from the plaintiff for the reason that Southerland is the party responsible therefor to the defendant, and that there is no privity of contract between the defendant and the plaintiff under the contract or otherwise. The defendant is not claiming this money as a party to the contract. He claims that the plaintiff wrongfully received money belonging to him, and that the plaintiff should pay it to him. It is a counterclaim for money had and received, which in equity and good conscience the plaintiff should pay or allow as a credit upon the amount due upon the mortgage pleaded in the complaint. Under · section 4802, Rev. Codes 1905, the defendant acquired the same rights to this money by virtue of the deed, as the plaintiff had before the land was

conveyed, but without this section the defendant's right to recover it could not be successfully questioned.

That no privity of contract existed between the parties to this suit is immaterial under such circumstances, and it is immaterial that no promise was made by the plaintiff to pay the same. By accepting the money wrongfully which belonged to the defendant, and which did not belong to the plaintiff, the law will imply a promise to repay, and the person accepting the money wrongfully will not be heard to assert that no privity of contract exists. Having accepted the money, and failing to show any legal or equitable right thereto, the defendant can recover, though an express promise to repay it does not exist. The law presumes such a promise, however. The fact that an action might have been brought against Southerland, the cropper, is immaterial, conceding, for this purpose, that such an action would lie.

The following authorities sustain the principle that the absence of contractual relations or the absence of a promise to pay is immaterial in this class of actions: Ela v. Express Co., 29 Wis. 611, 9 Am. Rep. 619; Byxbie v. Wood, 24 N. Y. 607; Brand v. Williams, 29 Minn. 238, 13 N. W. 42; Wittmann v. Watry, 45 Wis. 495.

The cases cited by plaintiff are not in point, not being cases for the recovery of money had and received, which ought, in good conscience, to be paid to the one entitled thereto.

The trial court sustained the counterclaim and deducted the amount thereof from the sum due on the mortgage, and gave costs to the plaintiff.

This judgment is affirmed. All concur.