EDGAR T. FISHER, APPELLANT, V. SCHUYLER G. KELLOGG, APPELLEE.

FILED JANUARY 16, 1935. No. 29050.

*Littrell & Patz*, for appellant.

*Carl D. Ganz, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

This action was brought by Edgar T. Fisher, plaintiff and appellant, to have a sheriff's deed to Schuyler G. Kellogg, defendant and appellee, the purchaser at an execution sale of the undivided one-half interest of plaintiff, subject to a life estate therein, in 160 acres of land in Cass county, canceled and the title quieted in him. On the trial the district court found the issues for the defendant and dismissed the action.

Plaintiff bases his right to relief upon two grounds: (1) That the land involved was his homestead and the sale thereof, under execution, void; and (2) that the sale was void, notice thereof not having been published for 30 days before the sale, as required by statute.

The record shows that James A. Fisher, father of the plaintiff, died testate January 13, 1916, in Cass county,

Nebraska, and at the time of his death was the owner in fee simple of the land involved herein. He left, as his sole surviving heirs, his widow, Louisa Fisher, and two adult sons, the plaintiff and Egbert A. Fisher; and by his will, duly admitted to probate, devised a life estate therein to his widow, and, subject thereto, an undivided one-half interest to each of his sons. Plaintiff's father and mother, at the time of the father's death, were living upon the land in question. The mother, about a year thereafter, moved from the premises, and the plaintiff, who was married, moved, with his family, thereon, under a verbal lease from his mother from year to year for a share rental. The plaintiff resided thereon up to March, 1932, when he voluntarily removed therefrom, and thereafter his mother leased the premises to another, who went into possession as her tenant.

On April 7, 1930, Clarence G. Bliss, as receiver of the Farmers State Bank of Greenwood, recovered a judgment against the plaintiff in the district court for Cass county for the sum of $3,245.27. Execution was issued and a levy made by the sheriff of said county on plaintiff's undivided one-half interest in said land, subject to the life estate of his mother. On July 19, 1930, said undivided one-half interest, subject to the life estate of his mother, was sold to the defendant, Kellogg, for $3,075. The sale was confirmed without objections being filed, and the sheriff ordered to execute a deed to the purchaser. Pursuant to said order, on July 31, 1930, the sheriff executed and delivered to the defendant, Kellogg, the deed sought to be canceled.

The land consists of two eighty-acre tracts lying about a mile apart, separated by land owned by others. The dwelling-house in which plaintiff resided and its appurtenances are on one of the eighty-acre tracts. It is not alleged in the petition nor was any evidence offered showing the value of the interest of the plaintiff separately in either of said tracts, or as a whole. It appears, however, from the amount for which the land sold at the

execution sale, that plaintiff's interest therein had a value of at least $1,000 more than the $2,000 exemption allowed by statute. At the time the land was levied upon, the plaintiff made no claim of homestead exemption. About a year after the land was sold, plaintiff filed a petition in voluntary bankruptcy, and in his schedule filed therein stated that he owned no real estate, and had the personal property owned by him set off as exempt. On September 8, 1931, a discharge was entered.

Under these facts the principal question presented is whether the plaintiff acquired a homestead right by reason of his vested estate in remainder. The precise question presented has never been passed upon by this court.

Section 40-101, Comp. St. 1929, relating to homestead exemptions, provides:

"A homestead not exceeding in value two thousand dollars, consisting of the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner thereof, and not in any incorporated city or village, instead thereof, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, shall be exempt from judgment liens, and from execution or forced sale, except as in this chapter provided."

In defining the ownership or interest in land necessary to support a homestead right, under the provisions of the statute, we held, in the case of *Giles v. Miller*, 36 Neb. 346:

"Neither the above provision, nor any other section of the homestead law, specifies or defines the character of the ownership or interest in lands which is necessary to support the homestead right. We know that the purpose of the legislature in enacting the statute under consideration was to protect the debtor and his family in a home from a forced sale on execution or attachment. Keeping this object in view, and applying the liberal rule of construc-

tion which always obtains in the interpretation of exemption laws, *we are constrained to hold that an estate or interest in lands which gives the right of occupancy or possession is sufficient* (italics ours), if coupled with requisite occupancy, to entitle the person to the benefits of the provisions * * * above quoted."

It is not necessary that the ownership be of an estate in fee simple, but any interest, either legal or equitable, that gives a present right of occupancy or possession, followed by exclusive occupancy, is sufficient to support a homestead right therein.

Following this rule we have held that an undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest, and his family, as a home, is sufficient to support a homestead exemption. *Giles v. Miller, supra; First Nat. Bank of Tekamah v. McClanahan,* 83 Neb. 706; *Doman v. Fenton,* 96 Neb. 94; *Connor v. McDonald,* 120 Neb. 503.

The rule established by the great weight of authority is that an estate in remainder, whether vested or contingent, will not support a claim of homestead.

"For the reason, however, that land held in remainder dependent on a life estate of another is not susceptible of that immediate occupancy which is contemplated by law in order to constitute a homestead, the rule is that an estate in remainder cannot constitute a homestead." 13 R. C. L. 570, sec. 33. See, also, 29 C. J. 846.

In 89 A. L. R. 523, at the beginning of an exhaustive note upon this subject, it is said by the annotater: "With but few exceptions it has been held that a claim of homestead may not attach to either vested or contingent future estates or interests in land. For the reason that land held in remainder is not susceptible of that immediate occupancy which is contemplated by law in order to support a claim of homestead, a homestead may not be claimed therein by the remainderman; and the same rule applies where the remainderman occupies the premises during the life of the life tenant by the latter's permission." The numer-

ous cases cited and reviewed in this note confirm this statement of the rule.

In support of the claim of a homestead right, counsel for plaintiff cites us to the case of *Grattan v. Trego*, 225 Fed. 705, which states the opposite view. The writer of the opinion in that case frankly concedes that the great weight of authority is against the rule announced therein. Opposed, as that case is, to the great weight of authority, we decline to follow it. The leasehold interest in the land was not of such a character as to cause a merger of the two estates. Plaintiff's possession and occupancy was in no way based upon his estate in remainder, but was referable, entirely, to his yearly lease. Whether his occupancy under the lease gave him such an interest as would exempt his leasehold estate we do not feel called upon to decide. His leasehold estate was not levied upon or sold under the execution. After the sale he continued in possession under his lease until he voluntarily terminated the same. His undivided estate in remainder was sold subject to the life estate. His right of occupancy of the land, under his lease, as a home for himself and family was in no wise disturbed by the sale of the remainder. We conclude therefore that the plaintiff had no homestead right in the estate in remainder.

Counsel for the plaintiff contends that the sale was void because the notice thereof was not published for 30 days before the sale. The facts, as disclosed by the record, show the notice of sale was published in a legal newspaper for five weeks, commencing with the issue of June 19, 1930, and ending with the issue of July 17, 1930. The sale was held two days later, on July 19, 1930. Section 20-1529, Comp. St. 1929, providing for the time that a notice shall be published on sales on execution, so far as pertinent, provides:

"Lands and tenements, taken in execution, shall not be sold until the officer cause public notice of the time and place of sale to be given, for at least thirty days before the sale. * * * All sales made without such advertisement

shall be set aside on motion, by the court to which the execution is returnable."

No motion was made to set the sale aside before the confirmation of the sale. Under a like state of facts, we held, in *Wyant v. Tuthill,* 17 Neb. 495:

"A sale of real estate under an order of sale, where the notice is not published at least thirty days before the sale, will be set aside on motion; but if the sale is confirmed without objection, in the absence of fraud the purchaser will acquire a good title."

Under the published notice the sale was not void but voidable, and subject to be set aside on motion made before confirmation. The order of confirmation settled and adjudicated the sufficiency of the publication of the notice of sale and is not thereafter, in the absence of fraud, subject to collateral attack.

For the reasons pointed out, the judgment is

AFFIRMED.