194 So. 192

**TEXAS CO. v. BIRMINGHAM SOUTHERN COLLEGE.**

**6 Div. 507.**

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

160

Bradley, Baldwin, All & White, Wm. Alfred Rose, and B. A. Monaghan, all of Birmingham, for appellant.

W. H. Woolverton, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This case was tried upon an agreed statement of facts.

Counsel for the appellant have presented an able and persuasive argument to the effect that the appellee, holding under a valid mortgage anterior to the lease, did not by virtue of the foreclosure of the mortgage and the purchase of the property at the sale, in and of these facts alone, create the relationship of landlord and tenant between the appellee and the appellant. This contention we may concede, as a decision of same is not necessary to dispose of this case, though see Walsh v. Bank of Moundville, 222 Ala. 164, 132 So. 52.

The lease contains this provision: "This agreement shall be binding upon and shall enure to the benefit of the parties hereto, and their respective successors or assigns." This was not only binding upon the parties but upon their respective successors or assigns.

It may be that this provision, without more, was not binding upon the mortgagee, Miss Ruter, whose mortgage was anterior to the lease, but there was more, as the following clause appears in the lease and before the signature of the parties thereto.

"I, as mortgagee, give my approval to this lease, without waiving any rights held under first mortgage, but subject to such mortgage.

                    Angeline G. Ruter    (Seal)"

This was an approval of the lease by the then mortgagee and, in effect, a consent that she and her successor or assigns should become parties thereto and to continue throughout, subject to the rights of the mortgagee or her assigns to the protection thereunder as against any default of the terms of the mortgage, except perhaps for the right to an acceleration of the payments and a foreclosure in case of a breach as to the erection of a building, or tearing down, in whole or in part, a building on the land, which was the very essence of the lease.

When the mortgagee or assigns or successor foreclosed the mortgage as for a default in the payment of the mortgage debt and purchased the property at the sale, this appellee became the successor of the mortgagee, under the terms of the lease, and a party to same and the landlord of the appellant, The Texas Company.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.