176 So.2d 27

**PLASTONE PLASTIC COMPANY, Inc.**

v.

**WHITMAN–WEBB REALTY COMPANY, Inc.**

6 Div. 149.

Supreme Court of Alabama.

May 27, 1965.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

Huie, Fernambucq & Stewart, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from an involuntary nonsuit because of the overruling of plaintiff's demurrer to defendant's plea. All counts were stricken except Count 3, to which appellee filed Plea 1. The demurrer to Plea 1 was overruled and appellant took the nonsuit.

Appellant (lessee) sued appellee (lessor) for damages as a result of the destruction of the leased building by fire. The complaint alleged that the leased premises were located upon a city block, all of which was under the ownership and active management of appellee; that there was a large courtyard running across the back of the block on which there was a railroad spur track; that the courtyard was used in common by the various tenants in the block and that the fire which destroyed the property of the plaintiff originated in the courtyard.

The complaint alleges negligence on the part of appellee in the maintenance of the courtyard, in that defendant negligently maintained the courtyard in an unsafe condition so as to cause or allow it to become a fire hazard by negligently allowing combustible and highly inflammable waste materials to accumulate therein in close proximity to the building occupied by appellant; that on December 17, 1958, a fire did occur in the courtyard which spread to the building occupied by the plaintiff destroying the same and its contents.

After demurrers to the complaint were overruled, appellee filed Plea 1, in which it alleged that appellant had entered into a written lease agreement with Ramsay Realty Corporation, the owner of all the buildings in the block; that during the pendancy of the lease the property was sold to appellee, and by virtue of the lease, appellee became appellant's landlord and lessor; that the original lease which remained in full force and effect contained the following provision, among others:

"This contract shall be binding on the successors, heirs, assigns, executors or administrators of Lessor and Lessee.

"Lessor shall not be liable for any damages caused by, or growing out of leaks in roof, or any defect in and/or to said premises, or caused by, or grow-out of fire, rain, wind or other cause.

"The Lessee will indemnify and save harmless the Lessor and Lessor's Agent of and from all fines, suits, claims, demands and actions of any kind or nature, by reason of any breach, violation or non-performance of any condition hereof on the part of the Lessee. The Lessee will indemnify, protect and save harmless the Lessor and Agent herein from any loss, cost, damage, or expense caused by injuries to persons or property, while in, on or about said premises herein leased and any and all property of said Lessee which may be located or stored either in the demised premises, or any building of which the demised premises form a part shall be at the sole risk of said Lessee."

The lease was made an exhibit to the plea and shows that the building was leased to appellant for ten years, beginning January 1, 1952, for $350.00 per month.

The primary question to be decided is whether the exculpatory provisions in the

lease, quoted supra, inured to the benefit of the vendee of the original lessor.

We have held that similar exculpatory provisions in a lease are valid and binding and are not contrary to public policy. Baker v. Wheeler, Lacey & Brown, Inc., 272 Ala. 101, 128 So.2d 721, and cases there cited.

■ The general rule is that a sale by the lessor of real estate, during the unexpired leasehold term under which the tenant is holding, does not, of itself, abrogate the lease, determine the leasehold estate, or authorize the landlord or the tenant to treat the lease as at an end. Its effect is to substitute the vendee of the reversion to all the rights of the original lessor. The vendee then becomes the landlord by operation of law and the tenant becomes a tenant of the vendee of the reversion. Otis v. McMillan & Sons, 70 Ala. 46; [1] Upton v. Toth, 36 Cal. App.2d 679, 98 P.2d 515, and authorities there cited. The same principle is stated in Thompson On Real Property, Vol. 3A, § 1200, p. 5 as: "The lessor at any time has a right to sell property subject to lease, and the effect of the sale is merely to substitute the vendee to all the rights of the original lessor."

■ In the instant case, the appellee, as vendee of the lessor, was substituted to all the rights of the original lessor, and one of these rights was not to be liable for any damages growing out of fire. (We recognize that the lessor or his successor would be liable for damages from a fire caused by the active negligence of the landlord, Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380, but there is no allegation of active negligence here).

■ Then there was the provision that: "The contract shall be binding on the successors, heirs, assigns, executors or administrators of Lessor and Lessee." This was not only binding upon the original parties but upon their respective successors or assigns. Texas Company v. Birmingham Southern College, 239 Ala. 158, 194 So. 192. Undisputedly, appellee is a successor of the original lessor.

To hold that the exculpatory provisions are without effect would be to read them out of the lease. Wheeler, Lacey & Brown, Inc. v. Baker, 269 Ala. 293, 112 So.2d 461; Life & Casualty Ins. Co. of Tennessee v. Porterfield, 239 Ala. 148, 194 So. 173.

Appellant contends that these provisions are binding only to the original parties to the lease and did not pass by transfer of title to appellee, and relies mainly upon the case of Etowah Mining Co. v. Wills Valley Mining & Mfg. Co., 121 Ala. 672, 25 So. 720, where it was said:

"* * * The agreement sought to be enforced is an independent stipulation by its terms purporting to bind only the original lessors, and which had no effect to bind the Wills Valley Company as their assignee in the absence of an agreement on its part. There is no averment of such agreement, but the conclusion is alleged that, as transferee of the lease, that company took it subject to its burdens, and is therefore bound by its stipulation to take and pay for the property. A covenant to run with the land must relate to and concern the land itself, and does not extend to agreements of the lessor in respect to personal property, nor does it comprehend an agreement to pay for betterments upon the land which the lessee has not bound himself to make, nor even those made under such obligation, unless the covenantor has expressly bound his assigns. * * *"

The distinction between that case and the instant case is apparent. There, the stipulation dealt with "an independent stipulation by its terms purporting to bind only the original lessors" and also could not be

---

1. Stone, J., wrote substantially this in his dissenting opinion, but the majority held the same as to this point, the dis-

■

agreement arising over a different question.

98

binding "unless the covenantor has expressly bound his assigns." Here, the stipulation related to and concerned the realty, i. e. destruction of the building by fire, and expressly bound the "successors, heirs, assigns, executors or administrators of Lessor and Lessee." It is undisputed that the provisions of the lease were equally binding on the original lessor and appellant. Considering the lease as a whole, we find nothing in it to indicate that those provisions were personal only to the original lessor, and there is no indication that they were not to be applicable to the successors of either the lessor or the lessee. We think the trial court correctly overruled the demurrer to the plea. Texas Company v. Birmingham Southern College, 239 Ala. 158, 194 So. 192.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

