James M. Oliver sued Billy Joe Fowler to recover rent that he alleged was due under a lease. The trial court, after hearingore tenus evidence, found in favor of Oliver and entered a judgment for him in the amount of $22,000. We affirm.
Fowler contends that the trial court erred in denying his motion to dismiss at the close of Oliver's case in chief, because, he argues, Oliver was not the real party in interest and, thus, had no standing to prosecute the action. Rule 17, A.R.Civ.P., in pertinent part, states that "[e]very action shall be prosecuted in the name of the real party in interest."
 " '[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. *Page 55 
Therefore, the term directs attention to whether [the] plaintiff has a significant interest in the particular action he has instituted.' "
Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala. 1988). The evidence in the present case indicates that, while Fowler was renting the property, Oliver conveyed it to his daughters. Citing Plastone Plastic Co. v. Whitman-Webb RealtyCo., 278 Ala. 95, 176 So.2d 27 (1965), Fowler argues that this conveyance transferred, by operation of law, all of Oliver's rights under the lease to his daughters and that Oliver's daughters alone had standing to prosecute the suit. Fowler's argument in this regard might have merit but for Oliver's undisputed testimony that, at the time he conveyed the property, he entered into an agreement with his daughters whereby he retained the right to the rent under the lease. This evidence was sufficient to support the trial court's conclusion that Oliver was the real party in interest; therefore, it did not err in denying Fowler's motion to dismiss. Likewise, the Statute of Frauds (Alabama Code 1975, § 8-9-2(1)), could not operate to void the oral agreement between Oliver and his daughters because, by the time the suit was filed, Oliver's daughters had conveyed their interests back to him. The rule in Alabama is that the Statute of Frauds is applicable only to executory contracts, not to executed contracts. Scott v.Southern Coach Body Co., 280 Ala. 670, 197 So.2d 775 (1967).
Fowler also contends that the trial court erred in rejecting his affirmative defenses of estoppel and waiver. These defenses were based on Fowler's testimony that, during the term of the lease, Oliver had orally agreed to a reduction of the rent. Oliver testified, however, that he never agreed to a reduction of the rent. The trial court resolved this factual dispute in Oliver's favor. Where a trial court has heard ore tenus
testimony, as in this case, its judgment, if supported by that testimony, is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Robinson v. Hamilton, 496 So.2d 8
(Ala. 1986). Our review of the record does not indicate that the trial court's judgment is plainly and palpably wrong.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.