EDMUND H. BLANKENAU, APPELLEE,
v. JACKIE LANDESS, APPELLANT.

626 N.W. 2d 588

Filed June 1, 2001.   No. S-00-255.

K.C. Engdahl, of Raynor, Rensch & Pfeiffer, for appellant.

W. Patrick Betterman and Dave J. Skalka, of Betterman & Dixon, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Edmund H. Blankenau filed a petition for restitution to recover possession of property from Jackie Landess pursuant to Neb. Rev. Stat. § 76-1441 (Reissue 1996). The district court entered judgment in favor of Blankenau, and Landess appealed. The main issues we are presented with in this case are whether Blankenau filed his petition within the applicable statute of limitations period and whether Landess has a homestead exemption in the property in question.

## FACTS

Blankenau claims that his corporation, Custom Trophy, Inc., as landlord, entered into a written residential lease with Landess in 1990. In 1991, Custom Trophy deeded the property to Blankenau. Although the term of the lease was 2 years, Blankenau permitted Landess to occupy the property through August 1999 and claims that Landess did not pay any of the rent due under the lease agreement. In August, Blankenau sent Landess a notice of nonrenewal of the lease which requested that Landess leave the premises by the end of October. At the same time, Blankenau sent Landess a demand for unpaid rent that Blankenau claimed was due under the lease.

Landess did not pay the rent or vacate the premises, and in December 1999, Blankenau filed a petition for restitution in the district court seeking possession of the property under § 76-1441 of the Uniform Residential Landlord and Tenant Act.

Landess defended on several grounds, including, inter alia, that the action was time barred by the statute of limitations and that Landess was protected by a homestead interest in the property. Landess' statute of limitations argument was based on the premise that the action was, in fact, an action on the lease agreement, and was therefore an action for breach of contract that was barred by the 5-year statute of limitations on written contracts. See Neb. Rev. Stat. § 25-205 (Reissue 1995).

On February 10, 2000, a bench trial was had on Blankenau's petition for restitution. The district court found that Blankenau is the owner of the subject property and that the property was leased to Landess. In the district court's judgment, the court rejected Landess' arguments and found in favor of Blankenau, ordering the preparation and issuance of a writ of restitution directing the sheriff to restore possession of the property to Blankenau. Landess filed for and was granted a stay of the writ of restitution during her appeal to this court. Landess appealed, and we moved the case to our docket pursuant to our authority to regulate the dockets of the appellate courts.

## ASSIGNMENTS OF ERROR

On appeal, Landess assigned, restated, that the district court erred in (1) determining that Blankenau's claim was not barred by the statute of limitations, (2) overruling Landess' motion for a separate trial on the statute of limitations issue, and (3) concluding that Landess did not have a homestead exemption in the property.

## STANDARD OF REVIEW

■ When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *North Bend Senior Citizens Home v. Cook, ante* p. 500, 623 N.W.2d 681 (2001).

■ Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Adkins v. Burlington Northern Santa Fe RR. Co.*, 260 Neb. 156, 615 N.W.2d 469 (2000). The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the

district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Nebraska Popcorn v. Wing*, 258 Neb. 60, 602 N.W.2d 18 (1999).

## ANALYSIS

It is not disputed that Landess has lived in the subject residence from May 31, 1990, through the present. After Landess' 2-year lease term expired in May 1992, Blankenau allowed Landess to remain on the premises that he owned. At that point, the lease became a month-to-month tenancy in which either the landlord or the tenant could terminate the tenancy by giving at least 30 days' written notice to the other. See Neb. Rev. Stat. §§ 76-1437 and 76-1414(3) (Reissue 1996). The district court determined that Blankenau mailed notice to Landess on August 20, 1999, stating that the lease would not be renewed and would terminate on October 31, 1999. Blankenau's petition in this action was filed under the authority of § 76-1437(3), which provides that a landlord may bring an action for possession if the tenant remains in possession after termination of the lease without the landlord's consent.

Under the Uniform Residential Landlord and Tenant Act, actions for possession of any premises subject to the act shall be commenced in the manner described in Neb. Rev. Stat. §§ 76-1441 to 76-1447 (Reissue 1996). See Neb. Rev. Stat. § 76-1440 (Reissue 1996). Thus, Blankenau's petition for restitution seeking possession of the property in question was properly brought pursuant to § 76-1441 as Blankenau commenced this action due to Landess' unauthorized holdover after her lease terminated on October 31, 1999. See § 76-1437.

We now turn to Landess' first argument—that Blankenau's cause of action was not timely filed. Landess argues that a 5-year statute of limitations applies in this case pursuant to § 25-205 because Blankenau's cause of action was an action on a written contract, i.e., the 1990 lease agreement. Contrary to Landess' assertions, we determine that Blankenau's cause of action was not based on a contract.

Blankenau filed suit pursuant to § 76-1437, which provides that a landlord may institute possession proceedings when a tenant remains in possession of the leased premises without

the landlord's consent after the lease has expired or been terminated. The cause of action is not based on the contractual relationship between the parties. Rather, Blankenau's cause of action under § 76-1437 was for possession of real estate. Therefore, at the time Blankenau brought this action, the lease had been terminated or had expired and Blankenau's cause of action for possession was not based on the lease agreement—it was an action to recover the possession of real estate. Because Blankenau's action was an action for the recovery of possession of real estate, the 10-year statute of limitations provided in Neb. Rev. Stat. § 25-202 (Reissue 1995) applies in the case at bar.

A period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999). A cause of action to recover possession of property when a tenant remains in possession after the expiration or termination of a lease pursuant to § 76-1437 accrues at the point the lease expires or is terminated and the tenant remains in possession without the consent of the landlord. In this case, Landess remained in possession without Blankenau's consent after the lease terminated on October 31, 1999. Blankenau's right to bring an action for possession accrued under § 76-1437 after October 31, 1999. Thus, Blankenau had 10 years after October 31, 1999, to bring his action for possession against Landess. Therefore, we conclude that the district court did not err in determining that Blankenau's claim was not barred by the statute of limitations because Blankenau brought his action well within 10 years of Landess' becoming a holdover tenant.

Landess also asserted that the district court's ruling was in error because the original lease was between Landess and Custom Trophy, not between Landess and Blankenau. Therefore, Landess argues that Blankenau is not her landlord, regardless of Blankenau's current ownership of the property, and that he cannot recover the property under the Uniform Residential Landlord and Tenant Act. The law does not support Landess' argument.

Generally, the owner of leased property may sell the property, and such grant conveys the landlord's interest in the lease.

49 Am. Jur. 2d *Landlord and Tenant* § 1052 (1995). A sale by the lessor of real estate, during the unexpired leasehold term under which the tenant is holding, does not, of itself, abrogate the lease, determine the leasehold estate, or authorize the landlord or the tenant to treat the lease as at an end. *Kirk Corp. v. First American Title Co.*, 220 Cal. App. 3d 785, 270 Cal. Rptr. 24 (1990); *Plastone Plastic Co. v. Whitman-Webb Realty Co.*, 278 Ala. 95, 176 So. 2d 27 (1965); 49 Am. Jur. 2d *Landlord and Tenant* § 1060 (1995). Its effect is to grant all the rights of the original landlord to the grantee of the reversion. *Id.* The grantee then becomes the landlord by operation of law, and the tenant becomes a tenant of the grantee of the reversion. *Id.* See, also, *Watson v. Calvin*, 69 Ark. App. 109, 9 S.W.3d 571 (2000) (when lessor sells property that is subject to unfulfilled lease, buyer takes property subject to terms of lease); *Murphrey v. Winslow*, 318 S.E.2d 849 (N.C. App. 1984), *reversed on other grounds* 313 N.C. 320, 327 S.E.2d 878 (1985) (when title passes, lessee ceases to hold under grantor and becomes tenant of grantee; privity is automatically established between lessor's grantee and lessee).

In the instant case, Custom Trophy deeded the property to Blankenau prior to the expiration of the original 2-year lease. Blankenau became Landess' landlord upon the transfer of the property to Blankenau. Landess' argument that Blankenau is not her landlord is wholly without merit.

Next, Landess asserts that she should have been given a separate trial on the statute of limitations issue under Neb. Rev. Stat. § 25-221 (Cum. Supp. 2000) prior to the trial on Blankenau's restitution claim. Section 25-221 states in relevant part:

> In any action in which it is claimed by one or more of the defendants that the action is barred by the statute of limitations any party may move that the issue raised by the statute of limitations be tried separately and determined before any other issues in the case. Issues of fact raised by the statute of limitations shall be tried before a jury unless trial by jury is waived by all parties. Issues of law raised by the statute of limitations shall be determined by the court without a jury. If the issue raised by the statute of limitations is determined by the jury or the court in favor of the plaintiff the remaining issues shall then be tried.

■ The plain language of the statute states that a jury trial on the statute of limitations issue is required only when issues of fact are raised; issues of law are to be determined by the court without a jury. See *id.* See, also, *Baltensperger v. Wellensiek,* 250 Neb. 938, 554 N.W.2d 137 (1996). Moreover, if there are only conclusions of law asserted on the statute of limitations issue, a separate hearing to address the statute of limitations issue is not required. See *id.*

At a hearing prior to the trial on Blankenau's petition for restitution claim, the district court determined that the statute of limitations was not an issue in Blankenau's cause of action for restitution. Landess had asserted that Blankenau's wife might be a co-owner of the premises and that no allegation was made that she had consented to Landess' staying on the premises after the expiration of the original 2-year lease term. Landess argued that she was entitled to a separate trial on the statute of limitations issue because the necessity of the consent of Blankenau's wife to Landess' possession of the property after the 2-year lease expired had not been resolved.

Although after a trial on Blankenau's petition for restitution the district court determined that Blankenau was the owner of the property in question, we will address whether there was a question of fact necessitating a separate trial on the statute of limitations issue at the time it was raised by Landess, i.e., before the trial on Blankenau's petition for restitution. We conclude that even if the consent of Blankenau's wife was needed in order for Landess to be a holdover tenant with consent after the expiration of the original 2-year lease, the statute of limitations issue was properly decided as a matter of law. There was no question of material fact raised by Landess' assertions.

Assuming, for purposes of discussion, that there had been no proper consent to Landess' occupancy of the premises after the 2-year lease term expired, Landess would have been a tenant in possession without consent after the expiration of the lease term under § 76-1437. Blankenau's petition for restitution to recover possession of property under § 76-1441 would therefore have been proper under this scenario. Such action would not have been an action on a written contract as Blankenau's action would have been to recover possession of property that was

being occupied by Landess after the expiration of the 2-year lease contract.

Thus, even if Landess was a holdover without consent in 1992, as she appears to argue, Blankenau's petition for restitution action would have been brought within the 10-year statute of limitations applicable to actions for possession of real estate under § 25-202. The district court did not err in refusing to hold a separate trial on the statute of limitations issue because Landess presented no material issue of fact, only questions of law. See, § 25-221; *Baltensperger v. Wellensiek, supra.*

Finally, Landess argues that she is entitled to a "homestead exemption" as defined in Neb. Rev. Stat. § 40-101 (Reissue 1998), which would exempt $12,500 in a homestead occupied by Landess from "judgment liens and from execution or forced sale." Landess argues that her right to possess the property under the 1990 lease is sufficient to gain a homestead interest in the property, regardless of whether she was a holdover without consent. In effect, Landess argues that when a person rents residential property, that person has a homestead exemption so long as his or her possession of the property has been continuous, even if the person is a holdover tenant without consent. Without deciding whether a petition for restitution is an "execution" for purposes of the homestead exemption statute, we determine that Landess does not have a homestead right in the case at bar.

The purpose of the homestead exemption is to protect a debtor and his or her family in a home from forced sale on execution or attachment. See *Fisher v. Kellogg*, 128 Neb. 248, 258 N.W. 404 (1935). Any interest in real estate, either legal or equitable, that gives a present right of occupancy or possession, followed by exclusive occupancy, is sufficient to support a homestead right therein. *Mainelli v. Neuhaus*, 157 Neb. 392, 59 N.W.2d 607 (1953). See, also, *Fisher v. Kellogg, supra.* It is not necessary that the ownership be of an estate in fee simple, but any interest, either legal or equitable, that gives a present right of occupancy or possession, followed by exclusive occupancy, is sufficient to support a homestead right therein. *Id.*

In the case at bar, Landess had no interest in the subject property which would have given her a present right of occupancy or possession at the time Blankenau brought his petition for resti-

tution. On the contrary, Landess had no legal right to be on the property after the termination of her lease in October 1999. Clearly, Landess did not have a present right of occupancy at the time Blankenau brought his petition for restitution. Therefore, the district court did not err in refusing to grant Landess a homestead exemption in the property at issue.

## CONCLUSION

Blankenau properly filed his petition for restitution to recover possession of property from Landess within the applicable 10-year statute of limitations period, and the district court properly concluded that Landess did not have a homestead exemption in the property at issue. For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.