Daniel, J.
 

 The judge was of opinion that the facts shewn by the defendant constituted no defence to this action. We are of a different opinion. There is no covenant under seal, that the defendant will pay the rent to the plaintiff, so as to make the contract entirely personal. The guardian had power to rent the land of his wards.
 
 Provided always,
 
 that he shall not let out any such land of his wards, for a longer term than the orphans be of age, or in any other manner, than by lease in writing, with proper covenants; (Rev. Stat. c. 54, s. 15.) Without stopping to inquire whether the act is only directory to the guardian, we are of opinion that, if in this case the parol lease was good, the reversion in the land was in the wards, and the accruing rent was incidental to the reversion. Co. Lit. 143, b. When, therefore, the wards came of age, and conveyed the land to the lessee, this conveyance united, in the same person and in the same right, the greater with the less estate, when the estate for years was drowned in the inheritance, and thereby perpetually extinguished. The action of debt for rent is founded on privity of contract, which is said to be annexed to the person in respect of the estate, and so
 
 follow the
 
 estate. As soon, therefore, as the privity of estate is transferred, the remedy by debt is tranferred also, and passes to the grantee of the reversion. Comyn on L. & T. 422, and the authorities there cited. The reversion, the rent, and the remedy for the rent were, by the said conveyance, all transferred to the defendant; and, therefore, necessarily the rent was extinguished. There must be a new trial.
 

 Per Curiam, New trial awarded,