WILLIAM A. ROGERS, Ex'r, *v.* ROBERT McKENZIE and another.

Where, upon a lease of turpentine boxes for four years, the lessee cove-
nanted to pay the lessor at the end of each year a certain rate per thou-
sand boxes, and the lessor died before the expiration of the second
year leaving a will devising the land, *it was held,* that the executor could
only recover for the rent of the first year, the rent for the remaining
years having followed the reversion to the devisees.

This was an action of covenant brought under the former mode of procedure upon the following instrument under seal:

"We or either of us promise to pay John Drake or order for all the boxes that will be on the land known as the said Drake land betwixt the Creek and Buck Swamp, six dollars and fifty cents a thousand per year, all on the other side of the said Buck Swamp five dollars a thousand per year; it is understood that the above lands are rented for four years for turpentine purposes only—further understood the rent is to be paid on the 1st January of each year, beginning on the 1st January, 1861, ending January 1st, 1865.

ROBERT McKENZIE, [SEAL.]
JOHN McNAIR,          [SEAL.]

March 19th, 1861.

ROGERS, EX'R, *v.* MCKENZIE AND ANOTHER.

Upon the trial at ROBESON Superior Court, at the Fall Term, 1870, before his Honor, *Judge Russell*, the execution of the covenant was admitted, and the defendants proved that the lessor of the turpentine boxes had died during the year 1862, leaving a will of which the plaintiff was executor, and in which the land upon which the trees stood was devised to two of the sons of the devisor; and offered to prove that for the years during which the lease had to run after the death of the testator, they had paid the rent to the said devisees. This testimony was rejected by the Court. The defendants then offered to prove that they had paid to the Sheriff of the County the sum of $156, the amount of the taxes due on the said land for the years 1860 and 1861, but this was also rejected. Under the charge of his Honor the plaintiff had a verdict and judgment for damages to the whole amount of the rent for the four years, and the defendants appealed.

*Leitch* and *Battle & Sons* for the defendants.
*N. A. McLean* and *W. McL. McKay* for the plaintiff.

PEARSON, C. J. Rent service is incident to the reversion. If a lessor seized in fee dies, the rent accrued prior to his death (being, as Lord Coke expresses it, " fruit fallen," that is, having become a debt in gross and merely personal to the lessor) devolves upon his personal representative. But the rent which is not accrued at his death passes with the reversion to the heir or devisee.

If a lessor accepts a " fine," (that is, an amount of money in hand,) and reserves an annual rent of a pepper-corn, the reversion passes to the heir or devisee with this nominal rent and fealty, which, as now understood, simply has the effect of preventing the lessee from disputing the title.

So if the lessor takes the notes of the lessee securing the payment of certain sums annually, in satisfaction of the rent

and dies, all of these notes belong to his personal representative.

The heir or devisee takes the reversion with no other service save fealty, because by taking the notes the lessor severs the rent from the reversion and makes it a debt in gross, being the same in legal effect as if he had accepted a "fine."

In our case the lease was for four years, and the question is, by the true construction of the covenant, is it simply evidence of an agreement to pay an annual rent? Or is it a severance of the rent from the estate so as to make it a personal debt, ("fruit fallen,") one from year to year? By a perusal of the covenant we can see nothing to take it out of the ordinary case of a covenant to pay rent, which passes with the reversion as an incident thereto.

There is no fine, no separate security taken, having the effect of detaching the rent from the estate, so as to let the *land* pass to the devisees subject to the term of years, but stripped of the rent which would otherwise have passed as an incident of the reversion, in lieu of the immediate possession of the land.

The amount of the rent could not, according to the terms of this lease, have been fixed before hand with certainty, for it depended upon the number and location of the trees brought under cultivation. This circumstance raises an inference against an intention to detach the rent from the estate.

It follows that the plaintiff was only entitled to recover the rent accrued at the death of his testator—the defendant was not called upon to prove that he had in fact paid the rent accruing after the death of the lessors to the devisees.

But as he offered to do so his Honor's refusing to admit the evidence shows that he was in error as to the extent of the plaintiff's cause of action, and the result was, he obtained a verdict and judgment for a much larger amount than that to which he was entitled. There is error.

PER CURIAM.                                    *Venire de novo.*