JAMES F. KORNEGAY and another v. GEORGE COLLIER and others.

Where there is a lease for years, and before the end of the term, the interest of the lessor in the land is conveyed to a third person, or is sold under execution and purchased by such person, the rent reserved, which is not due at the time of the conveyance, or sale and Sheriff's deed, passes with the reversion to the purchaser, and cannot, therefore, be subjected afterwards to the debts of the lessor.

The doctrine of the different kinds of rents in England, and of rent in this State discussed and explained.

The cases of *Dalgleish* v. *Granby*, Conf. Rep. 22, *State* v. *Yarrell*, 12 Ire. 130, and *Deaver* v. *Rice*, 1 Dev. and Bat. 431, cited and approved.

This was a bill filed under the former system in the Court of Equity for the County of WAYNE.

The defendants filed their answers, whereupon the case was set for hearing upon bill and answers, and transmitted to be heard in this Court. The facts and pleadings in the cause will be found sufficiently stated in the opinion of the Court.

*Bragg & Strong,* and *Fowle & Badger,* for the plaintiffs.
*Moore & Gatling,* for the defendants.

PEARSON, C. J. The scope of the bill is to subject the rent reserved upon a lien of five years by Collier to Miller & Co., to the satisfaction of the plaintiff's judgment against Collier. The right to relief in equity is put on the assumption that the several amounts due, and that will become due as rent are "choses in action," which can only be reached by an equitable *fi. fa.*

The defendant Dortch alleges that he is assignee of the reversion by a deed of Collier, and also by a deed of the Sheriff under an execution in favor of one Barnes, and also by a deed of the Sheriff under an execution in favor of one

Adams, and the equity of the plaintiff is contested on the assumption that the rent is not a "chose in action" but rent service incident to the reversion which passed with it to him as assignee.

The rent accrued at the date of the deed of Collier to Dortch, it is agreed, did not pass with the reversion but that was paid before the filing of the bill, and is out of the case. The controversy is, as to the rent accrued after the execution of the deed to Dortch. Did it pass with the reversion, or was it a chose in action belonging to Collier, which can be reached only by an equitable *fi. fa.?*

When there is a reversion the rent reserved is rent service. We are of opinion that rent service is incident to the reversion, and passes to the assignee. This principle of the common law seems to us to be so well settled, that in *Rogers* v. *McKenzie,* at this Term, we assume it to be familiar learning, and the opinion in that case, which turned on the question, had been written out, ready to be filed, but upon the opening of this case, seeing that the counsel for the plaintiff intended to make the point, and desired to argue it, the filing of the opinion was deferred.

It seems the question has never been directly before the Courts of this State for decision; whether it was because we have had so few leases for long terms, or because it has been taken for granted by the profession, that the rule of the common law obtained is immaterial, so it is, the question is an open one; on the argument such was admitted to be the law in England, but it was contended that this rule of the common law had never been "in force, and in use," in this State.

The argument is put mainly on the ground that the remedy by distress not having been adopted in this State, (*Dalglish* v. *Granby,* Con. Rep. 22,) it follows that all rent is rent seck, and there was no longer any such thing as rent service; this is a *non sequiter.* It appears by the full brief

of Messrs. Moore & Gatling that in many of the States where the remedy by distress has been abolished, still the rule that rent service passes to the assignee of the reversion as an incident thereto, is fully established and acted upon. Indeed, the rent is deemed rent service because of the tenure between lessee and lessor, and in no wise depends upon the circumstance of the right to distrain.

Another argument urged by Mr. Strong was drawn from the position taken in *State* v. *Yarrell*, 12 Ird. 135.  "In this State we are all tenants in capite, our tenure is that of free and common socage, yielding fealty, doing suit to Court and paying such taxes as the General Assembly may from time to time assess." Hence he inferred there is no tenure between lessor and lessee of a term of years, and consequently there is no service on the one side, and no implied warranty on the other.  On examination it will appear that the position is restricted to tenants in fee simple, and has no reference to tenants of particular estates.  In regard to the latter, no reason can be suggested why the tenure between the tenant and revisioner does not obtain in this State, and should not be attended by the common law incidents of tenure, i. e. fealty and rent on the part of the tenant, and warranty on that of the reversioner, the only modification being that fealty as now understood means only that the tenant shall not dispute the title of the reversioner, but that it is an incident of the tenure, and the rent is payable as part of the service.  The statute *quia emptores* applied to estates in fee simple only, and abolished the tenure between feoffor and feoffee.  Hence when the entire estate passes, and rent is reserved, it is necessary to insert a clause of distress to make it rent charge, otherwise it is rent seck, and to insert an express warranty, otherwise there will be none, for there is no tenure from which a warranty can be implied.  So that statute gave rise to rent charge and also to express warranty; but as between a particular tenant and the reversioner the

tenure is not affected by any statute. The rent reserved follows the reversion as rent service, and warranty is implied, by reason of the tenure. See 2 Blackstone.

An effort was also made, to support the position that all rent in this State is seck, to-wit, a naked " chose in action" from the case *Deaver* v. *Rice,* 4 Dev. and Bat. 431, in which it is held a landlord has no lein on the crop for the rent, although reserved to be paid by a part of the crop. It is not perceived how that case affects the question ; at all events, soon after the decision, the Legislature enact or declare the law to be that the landlord shall have a lien on the crop for the rent.

Our conclusion is, that the rent not accrued at the date of the deed was not a mere chose in action to Dortch, but passed to Dortch with the reversion as incident thereto. It follows, that the plaintiff fails in the only purpose with a view to which, his bill was framed—that is, to subject the rent. The ground taken by the counsel for the plaintiff—to-wit, as it appears from *the answers,* that Collier had a resulting trust, under the deed to Dortch, the purchases made by him (he being a trustee) at the sales of the Sheriff, will be deemed in equity to have been for the benefit of the trust fund, to relieve it from incumbrances, leaving the resulting trust in Collier, unaffected except by the additional charge of the outlay deemed necessary by the trustee in aid of the trust fund; and consequently such resulting trust is subject to the creditors of Collier, and may be reached by the present bill, under the prayer for general relief, and the plaintiff is entitled to a reference to fix the amount due of the debts secured by the deed to Dortch, and the additional charges to disencumber the title, *minus* the rents received from lessees, and the rents and profits received by Dortch after the expiration of the term, to the end that the land may be sold and the proceeds of sale after satisfying the amount charged, be applied to the satisfaction of the plaintiff's judgment, is fit for consideration.

Without intimating an opinion upon this question, it is enough for us to say the bill does not make allegations to raise the question, and it cannot be helped out by the facts set forth in the answers, there must be, *allegata* as well as *probata*. Although the facts set out in the answers may show that Collier is entitled to a resulting trust, still as these facts are not alleged in the bill there is no rule by which the plaintiff can avail himself of them under the general prayer for relief.

When the answers came in he might have amended his bill, so as to strike at the resulting trust of Collier if he has one. But in the shape the case now comes on for hearing he does not entitle himself to an equity against such resulting trust.

As the bill was filed under the old mode of procedure, and the cause was set for hearing on bill and answer and sent to this Court for hearing, the plaintiff, if so advised, may have an order to remand the case with a view to amendment, upon paying all the cost, as in case the bill stood dismissed, otherwise the bill will be dismissed at plaintiff's cost.

A decree to that effect may be filed, unless the motion to remand be made during the term.