GEORGE W. BULLARD, Adm'r. of WM. C. McDANIEL, deceased, v.
        A. JOHNSON, Jr., and MICAJAH THOMASON.

Under sec. 132, C. C. P., the Courts possess the power at any time before or after judgment, to amend, by adding or striking out the name of any party, or by conforming the proceedings to the facts proved.
When a lessor, during the existence of a lease, conveys by deed the realty to a third person, and an action is afterwards brought for the rent by the lessor, the Court has the power to amend, by striking out the name of the lessor, and inserting that of the assignee.
Where A. made a lease for a term of years, and during the existence thereof he conveys the land by deed to B., the latter can recover for the rent which had accrued after the title to the land passed to him. Kornegay v. Collins, 65 N. C., cited and approved.

This was a civil action tried before Buxton, J., at Spring Term, 1871, of CUMBERLAND Superior Court.

The summons was originally in the name of Randal McDaniel, and the complaint alleged the non-payment of two years rent for a set of mills in Fayetteville, leased by plaintiff to de_

fendants, from 1st of November, 1862, to 1st of November, 1864. During the progress of the trial the defendants offered in evidence a deed from Randal McDaniel to W. C. McDaniel, dated August 29th, 1863, and registered November 6th, 1863, for the mill property.

Upon the deed being read, the counsel for the plaintiff offered evidence that W. C. McDaniel was dead, and that G. W. Bullard was his administrator, and asked leave of the Court that said administrator might have leave to come in and be joined as party plaintiff with Randal McDaniel, and that the necessary amendments for that purpose might be made. This application was allowed by the Court.

After the amendments had been made in accordance with leave of the Court, the defendants moved to non-suit the plaintiffs, on the ground of misjoinder.

The plaintiffs met this motion, by a motion to amend the summons and complaint by striking out the name of Randal McDaniel, leaving Bullard sole plaintiff, and also to amend so as to claim the value of only one year's rent, being rent due for 1863.

The Court, after consideration, in furtherance as was supposed of justice, and to save the public time, (two days having been consumed in the trial) overruled the motion to non-suit, and allowed the motion of the plaintiffs to amend and strike out, upon the payment of all costs incurred, and a mistrial and continuance of the case, should the defendants so desire, in consequence of being taken at a disadvantage by reason of the amendments allowed.

The terms were accepted by the plaintiff, when the defendants moved to nonsuit the plaintiff, on the ground that there was no privity of contract showed between him and the defendants. His Honor being of opinion that the rent accruing since the date of the deed remaining unpaid, if there was any, was incident to the reversion, and passed by the deed from Randal McDaniel to Wm. C. McDaniel, and that so much of said rent as the jury should find had accrued since the

execution of the deed, and was remaining unpaid, was recoverable in this action as now constituted, refused to non-suit the plaintiff, to which defendants excepted. For an understanding of the opinion of this Court, it is unnecessary to report the evidence and other points taken in the case.    Verdict for plaintiff. Judgment and appeal.

*W. McL. McKay,* for plaintiff.
*Hinsdale* and *B. & T. C. Fuller,* for defendants.

PEARSON, C. J. The Court may before or after judgment, amend, by adding or striking out the name of any party, or by conforming the proceedings to the facts proved.    C. C. P. sec. 132.

This provision, and numerous others of the C. C. P. show, that its purpose is to prevent actions from being defeated on grounds that do not effect the merits of the controversy, whenever it can be done by amendment.    The pervading idea being to settle controversies by one action, and thereby prevent the loss of the labor and money expended in that action, and the necessity for incurring like labor and expense in a second.

Whether under this broad power of amending, the Superior Court in an action by A, could strike out the name of A and insert that of B, a stranger to the controversy, either directly or indirectly, as by first adding the name of B as co-plaintiff, and then striking out the name of A, is a question not now before us; for Bullard, the administrator of the assignee of the reversion is not a stranger, but is the person entitled to the subject of the controversy according to the facts proved.    Our case is that of an action commenced in the name of the lessor of a term of years for rent accrued after he had assigned the reversion ; and the question is, had the Court power to amend by striking out the name of the assignor, and inserting that of the assignee as plaintiff ?

At the last Term of this Court, it was decided after much

BULLARD, ADM'R. OF MCDANIEL *v.* JOHNSON AND THOMASON.

argument, that rent service was incident to the reversion, and that the rent not accrued passed to the assignee.  *Kornegay* v. *Collins*, 65 N. C. 69.  Before that case, it appears to have been a question of doubt, among the members of the profession, whether the rent passed to the assigeee of the reversion, or belonged to the lessor as a personal chose in action.  In this case the action had been commenced in the name of the lessor ; and after that decision the motion to amend was made.  We concur with his Honor in the opinion that he had power to allow the amendment ; and we will add that upon the facts proved, it was a proper case for its exercise.

The terms imposed upon the plaintiff, secured to the defendants all the advantage which they had any right to expect. And there was no controversy between the assignor and the assignee ; but the controversy was, that the defendants were not disposed to pay the rent to either of them, and to set up claims for repairs.  The action being in the name of the assignor, the attempt was to defeat it on the ground that it should have been in the name of the assignee.  This difficulty did not touch the merits of the case, and was properly put out of the way by the amendment.

The exceptions to the charge and to the rate of damages, were not argued in this Court, and it is unnecessary to discuss them.

There is no error.

PER CURIAM.                    Judgment affirmed.