MARSHALL E. PEARCE AND WIFE, HILDA P. PEARCE, PLAINTIFFS V. BROADUS GAY AND LITCHFORD GAY, ORIGINAL DEFENDANTS, AND H. K. PERRY, ADDITIONAL DEFENDANT, AND W. H. PERRY, EXECUTOR OF H. K. PERRY, ADDITIONAL DEFENDANT.

(Filed 15 January, 1965.)

**1. Landlord and Tenant § 4—**

A conveyance of land which is subject to a valid and continuing lease gives the purchaser no right to rents then accrued, but does give the purchaser the right to collect the rents accruing after the time title passes unless the conveyance specifically reserves to the grantor the right to continue to collect the rents. Attornment by leasee is not necessary. G.S. 42-2.

**2. Same—**

Stipulation in a deed that it was made subject to a rental contract theretofore executed by grantors merely recognizes the rights guaranteed by G.S. 42-8, and does not have the effect of reserving to grantors rents accruing subsequent to the transfer of title.

APPEAL by defendant W. H. Perry, Executor of the will of H. K. Perry, additional defendant, from *McKinnon, J.,* April 1964 Civil Session of FRANKLIN.

In August 1962, H. K. Perry and wife, Florence, who had been adjudged mentally incompetent, owned, as tenants by the entireties, a farm containing 122 acres in Franklin County. On August 7, 1962, H. K. Perry instituted a proceeding before the Clerk of the Superior Court of Franklin County to obtain authority to sell the land at private sale. The guardian of the wife was named as defendant. On August 8, 1962, H. K. Perry leased the farm to defendants Gay for a term of one year, to begin January 1, 1963. The rental, $3,000, was by the terms of the lease to be paid "not later than the first day of September, 1963." Lessees were given the privilege of crediting on the rent the sum of $200 then owing them by lessor. The Clerk, on October 9, 1962, ordered a private sale of the farm. The commissioners on the same day reported a sale to plaintiffs, subject to a life estate, reserved to the owners in the dwelling with a curtilage of two acres," "and further subject to the rental contract for the year 1963." This sale was confirmed on October 22, 1962.

On November 3, 1962, counsel for the parties to the special proceeding, without notice to plaintiffs whose bid had been accepted, consented to an order vacating the order of sale. Present plaintiffs appealed from the consent order. In an opinion filed May 1, 1963, this Court held: "The order entered on November 3, 1962, is vacated. Unless the sale is set aside for mistake, fraud, or collusion, the purchasers, Hilda P. Pearce and husband Marshall E. Pearce, upon the payment of the purchase price, are entitled to a deed from the commissioners." *Perry v. Jolly,* 259 N.C. 305, 130 S.E. 2d 654.

On June 10, 1963, Judge Hobgood signed an order in which he recited that he acted on motion of H. K. Perry to give effect to the opinion of this Court. He directed the commissioners to convey the land to plaintiffs upon payment of their bid. They were allowed until July 1, 1963 to pay the purchase price. The conveyance was to be made subject to the life estate reserved in the two acres and "said deed shall further provide that the conveyance of said lands shall be subject to the rental contract for the year 1963."

On June 26, 1963, the commissioners executed a deed to plaintiffs. The deed recites payment of $45,000, the amount of plaintiffs' bid. The land was conveyed, subject to a reservation of a life estate in the two acres. The deed states: "This conveyance is made subject to the rental contract for the above described land for the year 1963."

On September 7, 1963, defendants Gay had not paid the rent. Plaintiffs, on that date, brought this action to collect $2,800, the rent called for in the lease, less the $200 credit there provided for.

Defendants Gay asserted plaintiffs and H. K. Perry were each demanding payment. They paid the $2,800 into court. H. K. Perry was made a party. He died in December 1963. W. H. Perry, executor of H. K. Perry's will, was made a party.

When the cause came on for trial at the April 1964 Session, the parties waived a jury trial. Judge McKinnon, based on the record in *Perry v. Jolly, supra,* and the stipulations of the parties, concluded that plaintiffs, as equitable owners from October 22, 1962 (the date of the confirmation of the sale to plaintiffs), and as legal owners from June 26, 1963 (the date of the deed to plaintiffs), were entitled to the $2,-800. He thereupon adjudged plaintiffs owners of the deposit. Defendant Perry, as executor, excepted and appealed.

*John F. Matthews for appellant.*
*Gaither M. Beam for appellees.*

RODMAN, J.   A conveyance of land, which is subject to a valid and continuing lease, passes to the purchaser the right to collect the rents thereafter accruing. Rents theretofore accrued are mere choses in action. Purchaser of the land acquires no title to the past due rents. *Mixon v. Coffield,* 24 N.C. 301; *Kornegay v. Collier,* 65 N.C. 69; *Rogers v. McKenzie,* 65 N.C. 218; *Bullard v. Johnson,* 65 N.C. 436; *Lancashire v. Mason,* 75 N.C. 455; *Jennings v. Shannon,* 200 N.C. 1, 156 S.E. 89; *Perkins v. Langdon,* 231 N.C. 386, 57 S.E. 2d 407; *Four-G Corp. v. Ruta,* 138 A. 2d 18; *Boteler v. Leber,* 164 A. 572; Notes, Ann. Cas. 1912B 398: "Right of Purchaser of Leased Land at Judicial Sale with Respect to Rents"; Ann. Cas. 1916D 192: "Persons to Whom Rent is Payable in Absence of Governing Statute, in Case of Sale, Mortgage or Other Grant of Reversion"; 32 Am. Jur. 104-5; 30A Am. Jur. 998; 50 C.J.S. 662.

When title passes, lessee ceases to hold under the grantor. He then becomes a tenant of grantee, and his possession is grantee's possession. Attornment is unnecessary, G.S. 42-2. If the grantor is to collect rents accruing subsequent to the effective date of the conveyance, he must, by reservation in his deed, provide that grantee shall not be entitled to possession prior to the expiration of the term fixed in the lease, or otherwise expressly reserve his right to collect subsequently accruing rents.

Appellant contends the property was conveyed subject to the rights of H. K. Perry to collect rents accruing subsequent to the confirmation of the sale, payment of the purchase price, and delivery of the deed. To support this contention, appellant relies on the statement in the deed: "This conveyance is made subject to the rental contract for the above described land for the year 1963."

We concur in the trial court's ruling that the language on which appellant relies is not sufficient to constitute a reservation of the owner's right to possession of the farm for 1963, or a reservation of the rents accruing from the use of the farm for that year. To construe it as appellant contends, would require us to insert words which do not appear in the deed. It is apparent from the deed itself, and from the proceedings leading up to the sale, that the parties and attorneys understood how to reserve an interest in land. In the deed, pleading, and order there is proper language to assure a reservation of a life estate in the dwelling.

In the original petition filed by H. K. Perry, he sought authority to sell the property for $45,000. The sale he proposed would vest immediate possession, or right of possession, in the purchaser to the entire property; he proposed no exception or reservation. The guardian of the wife opposed the sale proposed by the husband. In the guardian's amended answer, he alleged that plaintiffs would purchase the property for $45,000, which the husband wished to accept, but would purchase subject to a reservation for the life of the husband and wife, and the survivor, in the dwelling and curtilage. The guardian further explained the offer which plaintiffs made in this language: "That according to this defendant's information and belief the plaintiff has rented the above mentioned lands for the year 1963 to Broadus Gay and Litchford Gay for the price of $3,000.00, and that the sale of said lands should be made subject to the rental contract to said Broadus Gay and Litchford Gay, and that the purchasers of said lands should receive said $3,000.00 rent when the same is paid."

The commissioners reported the plaintiffs' bid of $45,000 for the property, subject to a reservation of an estate for the life of the owner in the dwelling, and "further subject to the rental contract for the year 1963." This report was confirmed. It is, we think, apparent that the phrase on which appellant relies does nothing more than bind the grantee to honor the provisions of the lease. It is nothing more than a statement of the rights guaranteed to the purchaser and the lessees by G.S. 42-8.

It is quite true, as appellant asserts, that if lessee pays the rent before a sale, or executes a note or bond for the rent in substitution of

his contract to pay the rent, and such note or bond is accepted by the then owner in discharge of lessee's obligation to pay rent, such substitution relieves the lessee of his obligation to pay rent. Since he has no obligation to pay rent, he is not obligated to pay the purchaser; his obligation is to the holder of the note or bond. *Holly v. Holly,* 94 N.C. 670; *Four-G Corp. v. Ruta, supra;* 92 C.J.S. 162. The difficulty confronting appellant is not the law but the facts. There is nothing in the record to show Gay substituted his note, bond, or other security for his obligation to pay the rent. Section 3 of the lease says: "The Lessee shall pay *as rent* (emphasis supplied) for the use of the premises." Plaintiffs bottom their action against Gay on the provision in the lease to pay rent. When sued, the Gays did not deny that they owed rent; to the contrary, they admitted their obligation to pay rent. They only asked that they be permitted to pay the rent into court in order that the court might determine who was entitled to the rent.

No error.