UNITED VIRGINIA BANK/CITIZENS & MARINE v. ROBERT M. WORONOFF AND PATRICIA B. WORONOFF

No. 803SC438

(Filed 16 December 1980)

**Guaranty § 2— note guaranteed by defendants — summary judgment for plaintiff proper**

In an action to recover on a note executed by a corporation and payable to plaintiff where plaintiff alleged that defendants unconditionally guaranteed payment to plaintiff by the corporation, that demand was made on the corporation for payment but no payment was made, and that demand was made on defendants for full payment but no payment was made, the trial court properly entered summary judgment for plaintiff since the record did not indicate any doubts, other than latent doubts, as to the credibility of plaintiff's affiant; defendants failed to introduce any materials in their favor; defendants did not point to any specific areas of impeachment and contradiction; and no genuine issue of material fact was raised, as defendants admitted the genuineness of the note and "Unconditional Guaranty" document under which they guaranteed payment of the loan balances due plaintiff, that their signatures appeared at the end of the guaranty document and their liability for the unpaid indebtedness was thus established, and that they never made any payments on the note and no payments were ever made on the note to the best of their knowledge.

APPEAL by defendants from *Jolly, Judge.* Judgment entered 20

Bank v. Woronoff

February 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals on 4 November 1980.

Plaintiff's complaint alleged that on or about 24 September 1977 Southern Hospital Supply, Inc. (hereinafter "Southern") made a collateral note payable to plaintiff in the amount of $35,000 and bearing interest at ten percent (10%); that on or about 24 September 1977, defendants "executed a document entitled 'Unconditional Guarantee' whereby each guaranteed payment to the plaintiff herein by Southern Hospital Supply, Inc."; that Southern has filed for bankruptcy and "demand for payment has been made upon said corporation with no payment of the above-referenced note being made"; that demand was made of defendants for full payment of the note, but no payment was made; that plaintiff is entitled to attorney's fees of fifteen percent (15%) of principal and accrued interest pursuant to G.S. § 6-21.2; and that plaintiff recover the sum of $35,000 principal, interest at the rate of ten percent (10%) up to and including 20 November 1978 in the amount of $2,206.52, fifteen percent (15%) attorney's fees, and costs. Defendants answered 16 February 1979, denying the material allegations of the complaint, but admitting "that certain documents entitled 'Unconditional Guarantee' were executed." In addition, defendant Patricia B. Woronoff alleged that she was an "accommodation maker" within the meaning of G.S. § 25-3-415; that she "did not intend to guarantee or obligate herself for the present balance outstanding, if any, . . ."; that the indebtedness had been fully satisfied by prior payments by defendant Robert Woronoff and Southern; and that there was "a total failure of consideration for any alleged guarantee or co-obligation as alleged in the Complaint."

Plaintiff filed requests for admission of each defendant on 9 March 1979. The requests sought the admission of the genuineness of the collateral note and "Unconditional Guaranty" documents, the signatures of the defendants on the guaranty document, and the following allegations: that defendants made no payments on the note, that defendant knew of no other payments that were made upon the note, and that "there are no facts within your knowledge" which would indicate that Southern did not owe the funds and that each defendant did not guarantee payment of those funds. Also on 9 March 1979, plaintiff filed interrogatories and requests for production of documents of each defendant, asking, *inter alia,* to "[s]tate the circumstances under which you executed the unconditional guaranty."

Responses to the requests for admissions were filed 8 May 1979. Defendant Patricia Woronoff admitted the genuineness of the collateral note document but denied the genuineness of the guaranty document, and in reference to her alleged signature, she denied that "said writing constitutes an execution in law." Defendant Patricia Woronoff admitted that she had no knowledge of any payments made on the note; but she was "not able to admit or deny" that no facts existed which would indicate that Southern did not owe funds on the note and that she guaranteed payment. Defendant Robert Woronoff answered in like manner to the genuineness of the documents, but admitted that his signature was on the guaranty document. He admitted that he had not made any payments on the note, but denied that he had no knowledge of any payments made, and that there were no facts indicating that Southern did not owe funds and that he guaranteed payment. Both defendants denied owing plaintiff the sums alleged in the complaint.

On 20 June 1979, plaintiff moved for an order compelling discovery of answers to certain questions in its requests for admission and interrogatories. Following a stipulation between the parties that defendants would answer the questions, defendants responded on 27 September 1979. Defendants admitted that the signature of Patricia B. Woronoff on the guaranty document was indeed the signature of defendant Patricia Woronoff, and defendant Patricia Woronoff stated that she had no "independent recollection" of ever having seen the collateral note document or of signing the guaranty document.

Defendants filed an amended response to plaintiff's requests for admission on 5 November 1979, admitting the genuineness of the collateral note document. Defendant Patricia Woronoff admitted she had no information that payments were made against funds allegedly owed, and defendant Robert Woronoff stated that "the facts showing the payment for the indebtedness of the alleged notes are within the knowledge and control of the Plaintiff, or are a part of the books and records of the corporation [Southern] . . ."

Thereafter, on 24 January 1980 defendant took a deposition of Jenny C. Brabrand, Commercial Administrative Officer for the plaintiff bank. She testified that her duties included examination of loan payment records, including that of the collateral note in question; that she did not witness the signing of the documents involved here, but she was aware of a loan by plaintiff to Southern; that an entry was

**Bank v. Woronoff**

erroneously made on the ledger sheet documenting the Southern note, but that the entry was subsequently corrected; and that no payments had been received on the note up to that time.

Plaintiff moved for summary judgment on 24 January 1980. In addition to its pleadings, requests for admission, interrogatories, request for production of documents, and the deposition plaintiff supported its motion with an affidavit of Jenny Brabrand, in which she stated that she had "examined and reviewed the bank files concerning loans" between plaintiff, defendants, and Southern; that the documents were genuine; that request for payment has been made upon defendants and Southern "with no payment forthcoming"; that the loan to Southern, with the guarantee by defendants, was actually made; and that the sums indicated in the complaint are "due and owing." Defendants relied on their pleadings and the evidence supplied by plaintiff as hereinbefore discussed in opposition to plaintiff's motion. From summary judgment entered for plaintiff in the amount of $35,000 plus interest at the rate of ten percent (10%) up to and including 20 November 1978 in the amount of $2,206.52, and fifteen percent (15%) of the total as attorney's fees, defendants appealed.

*Ward and Smith, by Robert H. Shaw III, for the plaintiff appellee.*

*Trawick H. Stubbs, Jr., and Marcus W. Chestnutt, for the defendants appellants.*

HEDRICK, Judge.

The sole question raised by this appeal is whether summary judgment was properly entered for plaintiff. A summary judgment must be granted, upon motion, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c). When the movant, as here, is the party with the burden of proof, summary judgment may be granted in his favor on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) where the opposing party has failed to introduce any materials in his favor, failed to point to specific areas of impeachment and contradiciton, and failed to use G.S. § 1A-1, Rule 56(f); and (3) when summary judgment is otherwise appropriate. *Kidd v. Early,* 289 N.C. 343, 222 S.E.2d 392 (1976); *Brooks v. Mount Airy*

*Rainbow Farms Center, Inc.,* --- N.C. App., --- , S.E.2d --- (filed 16 September 1980).

We are of the view that summary judgment was properly entered in this case. First, the record does not indicate that any doubts, other than latent doubts, have been raised as to the credibility of Jenny Brabrand, plaintiff's affiant. Defendants conducted an extensive deposition of Brabrand, in which she provided consistent testimony as to the handling of loan payment records at plaintiff bank. Second, defendants have failed to introduce any materials in their favor. Defendants rely solely on their pleadings to oppose plaintiff's motion for summary judgment, and did not file any affidavits or other materials as required by G.S. § 1A-1, Rule 56(e).

Third, defendants have not pointed to any specific areas of impeachment and contradiction. Although defendants contend that inconsistencies exist between statements made by Brabrand in her affidavit and her testimony at the deposition, we have found no such contradiction. Brabrand did not state in her affidavit, as defendants would argue, that she had personal knowledge as to the circumstances surrounding the signing of the Southern note and the transfer of consideration; she merely stated, obviously based upon her duties in handling loan documentation for plaintiff and her careful examination of plaintiff's records, that the loan "was actually made." Indeed, Brabrand made a very similar statement to that effect in her deposition.

Finally, we are convinced that no genuine issue of material fact has been raised by the materials in the record of this case. Defendants have admitted the genuineness of the Southern note and the "Unconditional Guaranty" document under which defendants guaranteed payment of the loan balances due plaintiff from Southern. Defendants have admitted that their signatures appear at the end of the guaranty document and thus their liability for the unpaid indebtedness of Southern has been established. No evidence has been offered that in any way indicates that defendants' liability on the document has been terminated. Defendants have also admitted that they have never made any payments on the note and that no payments were made on the note to the best of their knowledge. We must therefore conclude that the requirements of *Kidd v. Early, supra,* have been met and the decision of the trial court is affirmed.

Affirmed.

Judges CLARK and WHICHARD concur.