Murphrey v. Winslow

---

BELLMONT MURPHREY v. HENRY WINSLOW AND JAMES H. WINSLOW

No. 837DC244

(Filed 21 August 1984)

1. **Landlord and Tenant §§ 11, 19; Seals § 1— lease under seal—transfer of property—10-year statute of limitations applicable—lease not personal covenant**

Where the pleadings established that the lease governing plaintiff's obligation to make rental payments on the subject property was executed by the original parties, including plaintiff, under seal, and the original lessor conveyed her interest in the property to defendants, the 10-year statute of limitations was applicable to defendants' claim, and there was no merit to plaintiff's claim that the lease itself must be assigned to the new grantee of the property in order for that grantee to obtain the benefit of the lease's seal, or that the seal constituted a "personal covenant" which would not run with the land and therefore pass to defendants as successors in interest to one of plaintiff's lessors. G.S. 42-8.

**2. Landlord and Tenant § 19; Payment § 4— action for rent—defense of payment—summary judgment for landlord proper**

Defendants were entitled to summary judgment for an unpaid rental payment due under a lease where the forecast of evidence established a set pattern by plaintiff for making rental payments and a sharp departure with respect to the disputed installment, but plaintiff's conclusory affidavit that the payment was simply "made" was insufficient because it failed to provide specific facts with regard to how the alleged payment was delivered, on what date it was made, and who received it.

Judge WEBB dissenting.

APPEAL by plaintiff from *Ezzell, Judge*. Judgment entered 17 January 1984 in District Court, EDGECOMBE County. Heard in the Court of Appeals 8 February 1984.

On 2 September 1982, the plaintiff, Bellmont Murphrey, instituted this declaratory judgment action pursuant to G.S. 1-253, *et seq.*, seeking a judgment that he is not indebted to defendants for certain rental payments due under a written lease. The complaint alleges that plaintiff was a lessee under a written lease executed under seal with the Winslow defendants' predecessors in title, McBride and Harrington. The lease was for a term of five years from 1 January 1973 to 31 December 1977. Plaintiff was obligated to make rental payments on 15 March and 15 September during the term of the lease. The complaint alleges further that Harrington subsequently conveyed her one-half undivided interest in the property to Pritchard, who in turn conveyed the same to defendants in April, 1974; that plaintiff has complied with the terms of the lease; and that plaintiff is claiming that the 15 March 1977 payment for $2,000 was paid, and, in the alternative, that the debt is barred by the applicable statute of limitations.

The defendant appellees' answer admits the execution of the lease by the original parties under seal and the conveyance of Harrington's rights under the property to him; denies the payment by plaintiff of the 15 March 1977 rental installment; and counterclaims for that rental installment of $2,000, plus interest and costs.

Plaintiff's reply to the counterclaim avers that Harrington's rights under the lease were never assigned to defendants and alleges as affirmative defenses payment and the three-year statute of limitations.

By failing to answer the defendants' request for admissions, plaintiff is deemed, pursuant to G.S. 1A-1, Rule 36 of the Rules of Civil Procedure, to have admitted the following facts:

1. In 1974, plaintiff was notified that the defendants had acquired the interest of Harrington in the subject farm and lease.

2. Thereafter, plaintiff began making the rental payments due Harrington under the lease to the defendants.

3. All of the rental payments made by plaintiff to the defendants under the lease have been by personal checks drawn on plaintiff's farm account with Edgecombe Bank and Trust Company.

4. The plaintiff has no canceled check, receipt or other written record that the $2,000 rental payment in question was ever received by defendants or anyone in their behalf.

The defendants also filed affidavits denying that the $2,000 rental payment of 15 March 1977 was ever received by them and averring that this amount remains due and not subject to any setoff; and that, except for that payment, plaintiff has made the remaining payments to them by personal check since the conveyance of the property to them in April, 1974.

Defendants thereafter filed a motion for summary judgment supported by the pleadings, the foregoing admissions and affidavits. In opposition to this motion, plaintiff filed his own affidavit, which restated the allegations of the complaint and included this final paragraph:

I have made all rental payments called for by the lease to the persons owning the property at the time each rental payment became due. More specifically, I made the $2,000 rental payment to the Defendants which was due on March 15, 1977.

The trial court considered all of the foregoing and granted defendants' motion for summary judgment, dismissed plaintiff's action and rendered summary judgment for defendants on their counterclaim in the sum of $2,000, plus interest and costs. Plaintiff appeals.

*Bridgers, Horton & Simmons, by Edward B. Simmons, for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal & Riley, by L. P. Hornthal, Jr., for defendant appellees.*

JOHNSON, Judge.

The plaintiff presents two questions for review: (1) whether the trial court erred in failing to grant summary judgment against the defendants on the ground that any claim to rent due on 15 March 1977 was barred by the three year statute of limitations and (2) whether the trial court erred in granting the defendants' motion for summary judgment because the evidentiary forecast disclosed a genuine issue of material fact on the question of whether the disputed payment was made. For the reasons set forth below, we conclude that the plaintiff was not entitled to summary judgment because the ten year statute of limitations was applicable to defendants' claim. Further, that the defendants were entitled to summary judgment for the unpaid rent due under the lease because the plaintiff's conclusory affidavit failed to raise a genuine issue of fact on the defense of payment.

I

[1] The pleadings establish that the lease governing plaintiff's obligation to make rental payments on the subject property was executed by the original parties, including plaintiff, under seal. Ordinarily, proof that the obligation creating the indebtedness is a written instrument under seal repels the three year statute of limitations, *Lee v. Chamblee*, 223 N.C. 146, 25 S.E. 2d 433 (1943), and the rights of the parties would then be governed by the ten year period of limitations under G.S. 1-47(2). The question presented by plaintiff's appeal is whether the grantees of the lessor's interest in property are also entitled to the ten year statute of limitations absent a formal assignment of the sealed lease itself. In other words, whether the deed conveying the lessor's interest in the property carried with it the advantage of the extended limitation period applicable to the lease itself.

Plaintiff contends (1) that the lease itself must be assigned to the new grantee of the property in order for that grantee to obtain the benefit of the lease's seal and (2) that the seal constitutes

a "personal covenant" which would not run with the land and therefore pass to defendants as successors in interest to one of the plaintiff's lessors. We agree with neither contention.

As a preliminary matter, a conveyance of land, which is subject to a valid and continuing lease, passes to the purchaser the right to collect the rents thereafter accruing. *Pearce v. Gay*, 263 N.C. 449, 139 S.E. 2d 567 (1965).

> When title passes, lessee ceases to hold under the grantor. He then becomes a tenant of the grantee, and his possession is grantee's possession. Attornment is unnecessary, G.S. 42-2.

*Id.* at 451, 139 S.E. 2d at 569. Plaintiff cites no authority in support of his contention that a separate assignment of the sealed lease is necessary to confer the benefit of the ten year statute of limitations on defendants. We agree with defendants that the question is governed by the provisions of G.S. 42-8 and the general rule that "the rights and liabilities existing between the grantee and lessee are the same as those existing between the grantor and the lessee, after the lessee is given notice of the transfer of the property." 51C C.J.S., Landlord and Tenant, § 258(2), pp. 672-673.

G.S. 42-8 specifically provides that the lessor's grantee has the like advantages and remedies by action for nonpayment of rent as the grantor or lessor or his heirs might have. The statute states in full:

> The grantee in every conveyance of reversion in lands, tenements or hereditaments has the like advantages and remedies by action or entry against the holders of particular estates in such real property, and their assigns, for nonpayment of rent, and for the nonperformance of other conditions and agreements contained in the instruments by the tenants of such particular estates, as the grantor or lessor or his heirs might have; and the holders of such particular estates, and their assigns, have the like advantage and remedies against the grantee of the reversion, or any part thereof, for any conditions and agreements contained in such instruments, as they might have had against the grantor or his lessors or his heirs. (32 Hen. VIII, c. 34; 1868-9, c. 156, s. 18; Code, s. 1765; Rev., s. 1989; C. S., s. 2348.)

Plaintiff appears to argue that the provisions of G.S. 42-8 apply only to covenants in the lease "the benefits of which run with the land" and are "fundamental to the basic purpose of the lease," by relying upon statements contained in 49 Am. Jur. 2d, Landlord and Tenant, § 104, p. 138. That section provides as follows:

> It is generally considered that at early common law covenants of the lessee were not assignable, and a transferee of the reversion could not sue at law in his own name upon such covenants. The foundation of the right of a transferee of the reversion to sue upon the covenants and agreements on the part of the lessee contained in the lease seems to be the early English Statute of 32 Henry VIII ch 34, which very generally in this country has been either adopted as a part of the common law or followed by legislation of similar import. It is said that the Statute of 32 Henry VIII ch 34 created a privity of contract in respect of the estate as between assignees of the reversion and the lessees or their assignees. Irrespective of the foundation of the rule, it is now well settled that a conveyance of the reversion brings the transferee in privity with the lessee and enables him to enforce all of the covenants in the lease the benefits of which run with the land. . . .
>
> . . . .
>
> But the Statute of 32 Henry VIII ch 34, and those of similar import, do not confer upon the transferee the right to sue upon all the covenants of the lessee contained in the lease, but only upon such covenants as are deemed to run with the land. Covenants and stipulations which are wholly foreign to the subject matter of the lease may be, and often are, inserted, and, while they are binding between the immediate parties thereto, are so disconnected from the estate that they do not pass by a transfer of the reversion, but remain as covenants between the original parties. (Citations omitted.)

Plaintiff argues that the seal is not one of the "advantages" accruing to the lessor's grantee under G.S. 42-8 because the seal of the lease is a "personal covenant" with no bearing on the subject matter of a lease for agricultural purposes. We find plaintiff's argument unpersuasive.

First, the contention that a seal is a personal covenant is un-supported by either precedent or logic. Plaintiff cites no authority for this proposition. Historically, a seal was usually employed on instruments to authenticate the due execution of the documents. Webster, Real Estate Law in North Carolina § 197, p. 204. In con-trast, the "covenants" in a lease generally contain agreements concerning the leased premises which frequently shift a duty from one party to the other, or bind the parties to a lease to duties not required of them by the general law of landlord and tenant. *Id.* at § 237, p. 245.

The inclusion of a seal in a lease agreement neither creates a duty between the parties nor shifts a pre-existing duty from one party to the other. It merely extends, by operation of law, the period of time in which the parties expose themselves to suit on the particular sealed instrument from three years to ten years. G.S. 1-47(2); *cf. Rose v. Materials Co.*, 282 N.C. 643, 194 S.E. 2d 521 (1973). Therefore, the seal may not be properly considered a covenant at all, personal or otherwise.

Secondly, plaintiff's definition of the "like advantages and remedies by action" accruing to the lessor's grantees (defendants) under G.S. 42-8 is unnecessarily restrictive. As the court in *Pearce v. Gay, supra,* noted, when title passes, the lessee ceases to hold under the grantor and he becomes a tenant of the grantee. In other words, privity is automatically established between the lessor's grantee and the lessee. In this case, the ten year statute of limitations would apply to the lessor's action for unpaid rent. Under plaintiff's construction of G.S. 42-8, in an action for unpaid rent, the lessor's grantee would only be entitled to a three year limitation period, while the lessor himself would be entitled to a ten year period in which to bring suit. The extended period is clearly in the nature of an "advantage" or remedy by action and therefore it comes under the express terms of G.S. 42-8. Accord-ingly, the defendant grantees in this case were entitled to the benefit of the ten year statute of limitations for instruments under seal and the trial court properly refused to enter summary judgment in plaintiff's favor on this issue.

## II

[2]   Next, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment on the question of pay-

ment on the grounds that the evidentiary forecast disclosed a genuine issue of material fact for resolution at trial. We do not agree.

It is well settled that the defendants were entitled to summary judgment in their favor only if they were able to show "that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). In other words, the burden is on the moving party to establish the lack of a triable issue of fact. 11 Strong's N. C. Index 3d, Rules of Civil Procedure, § 56.2, p. 354.

Payment is an affirmative defense which must be established by the party claiming its protection. 10 Strong's N. C. Index 3d, Payment, § 4, pp. 129-130; G.S. 1A-1, Rule 8. Where the creditor's evidence establishes an existing indebtedness and nonpayment, and the debtor offers no competent evidence in support of his defense of payment, summary judgment or directed verdict for the creditor is properly granted. *Manufacturing Co. v. Jefferson*, 216 N.C. 230, 4 S.E. 2d 434 (1939); *Bank v. Woronoff*, 50 N.C. App. 160, 272 S.E. 2d 618 (1980), *cert. denied*, 302 N.C. 629, 280 S.E. 2d 449 (1981). Upon a proper showing, summary judgment in favor of a party with the burden of proof is properly entered. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). We conclude that defendants' forecast of the evidence clearly establishes plaintiff's debt for the unpaid rental installment; nonpayment and the lack of setoff; and further shows that plaintiff cannot prevail as a matter of law on his affirmative defenses of payment.

Essentially, plaintiff does not attack the sufficiency of defendants' evidentiary forecast to support summary judgment. Rather, the argument in plaintiff's brief is confined to the contention that he met the burden of establishing a triable issue of fact by the introduction of his own affidavit. In *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982), the Supreme Court reiterated the nature of the showing that a party opposing summary judgment must make in order to avoid the entry of judgment against him.

If the moving party satisfies its burden of proof, then the burden shifts to the nonmoving party to "set forth *specific facts* showing that there is a genuine issue for trial." Rule 56(e), Rules of Civil Procedure (emphasis added). The nonmov-

Murphrey v. Winslow

ing party "may not rest upon the mere allegations of his pleadings." *Id.*

Subsection (e) of Rule 56 does not shift the burden of proof at the hearing on motion for summary judgment. The moving party still has the burden of proving that no genuine issue of material fact exists in the case. However, when the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing party to take affirmative steps to defend his position by proof of his own. If he rests upon the mere allegations or denial of his pleadings, he does so at the risk of having judgment entered against him. The opposing party need not convince the court that he would prevail on a triable issue of material fact but only that the issue of fact exists. *See* Shuford, *N. C. Civil Practice and Procedure,* § 56-9 (2d ed. 1981). *However subsection (e) of Rule 56 precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts.* (Emphasis original.)

305 N.C. at 369-370, 289 S.E. 2d at 366. The ultimate goal of the procedural device of summary judgment is to allow penetration of an unfounded claim or defense before trial. *Id.* at 369, 289 S.E. 2d at 366.

In this case, plaintiff's bare assertion in his affidavit that he "made" the disputed March, 1977 payment fails to create a genuine issue of fact on plaintiff's affirmative defense in the context of defendants' evidentiary forecast.

Plaintiff, by his failure to answer defendants' requests for admissions, is deemed to have admitted to the following pursuant to G.S. 1A-1, Rule 36:

3. All the rental payments made by plaintiff to defendants under the terms of said lease have been by personal checks drawn on the Farm Account of Mr. and Mrs. Bellmont Murphrey with Edgecombe Bank and Trust Company, Tarboro, North Carolina.

4. The plaintiff has no canceled check, receipt, or other written record that the $2,000 rental payment due the defendants

under said lease on March 15, 1977 was ever received by defendants or anyone in their behalf.

Additionally, defendants, in their affidavits, assert that the March 1977 rental installment was never received by them. The defendants' forecast of the evidence shows, therefore, a set pattern established by plaintiff for making the rental payments and a sharp departure with respect to the disputed installment. In order to establish a genuine triable issue of fact in the face of defendants' showing, it was incumbent upon plaintiff to offer evidence explaining this departure, i.e., how the March, 1977 installment was paid and that defendants in fact received the payment in question.

Plaintiff's conclusory allegation that the payment was simply "made" is insufficient in this factual context because it fails to provide specific facts with regard to *how* the alleged payment was delivered, on what date it was made, and who received it. The lack of written evidence of the alleged March, 1977 payment by defendants is particularly telling when *every other* payment was made by personal check drawn on the plaintiff's farm account. It is evident that the answers to the question raised by defendants' request for admissions would entail factual assertions within the power of the plaintiff to supply. By failing to do so, plaintiff has simply failed to raise a triable issue of fact.

The case at bar is analogous to *Lowe v. Bradford, supra*, where the plaintiff was seeking damages caused by the defendants' alleged interference with their access to plaintiff's property by the construction of a concrete driveway. On motion for summary judgment, defendants' evidence showed that the driveway neither restricted plaintiff's access to his property nor caused him any damage. Plaintiff's affidavit merely stated that his access to the lot has been restricted, without stating any specific facts in that regard. The court held that summary judgment in defendants' favor was properly granted.

We conclude that plaintiff failed to comply with the response requirements of Rule 56(e). Plaintiff did file a verified affidavit to support his unverified complaint. However, it merely repeated the essential allegations of his complaint, *i.e.*, that access to his lot had been restricted and the value of his lot had been impaired. It added nothing to his complaint. It

gave no *specific facts* which indicated in what manner the driveway interfered with plaintiff's access to his lot.

* * *

In a word, plaintiff had failed to present any *specific facts* to show how the driveway has interfered with use of his easement or how it has impaired the value of his property; his allegations are merely conclusory. "Rule 56(e) clearly precludes any party from prevailing against a motion for summary judgment through reliance on such conclusory allegations unsupported by facts." (Citations omitted.)

305 N.C. at 371, 289 S.E. 2d at 367.

Similarly, the plaintiff in this case has failed to come forward with any specific facts to establish the manner in which he "made" the payment in question. In the context of his past practices, this omission is fatal. Accordingly, plaintiff has failed to sustain his burden of establishing the existence of a genuine issue for trial and the trial court properly granted defendants' motion for summary judgment on their counterclaim for the rental payment due in March of 1977.

In summary, the plaintiff was not entitled to summary judgment because the ten year statute of limitations for instruments under seal applies to the lease in question and defendants were entitled to summary judgment for the unpaid rental payment due under that lease because plaintiff's conclusory affidavit raised no genuine issue of fact on the defense of payment.

Affirmed.

Chief Judge VAUGHN concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. When the plaintiff filed an affidavit saying he made the rent payment, I believe this created a triable issue as to whether the rent had been paid. It appears to me that the district court and this Court have considered the evidence and found as a

fact that the rent has not been paid. This is the province of the jury.